Filed 11/26/25  P. v. Groce CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084727 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD195250) |
| MARK GLENN GROCE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  (Retired Judge of the S.D. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mark Glenn Groce appeals following a resentencing under Penal Code section 1172.75.[1]  His appellate counsel filed a brief stating no arguable issues could be found.  (See generally *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  We have independently reviewed the record and agree there are no reasonably arguable issues.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Groce was charged with failure to register as a sex offender (§ 290, subd. (g)(2); count 1), burglary (§ 459; counts 2, 5 and 9), forgery by possessing a blank check (§ 475, subd. (b); count 3), receiving stolen property (§ 496, subd. (a); count 4), forgery of a name (§ 470, subd. (a); counts 6 and 10), forgery of a check (§ 470, subd. (d); counts 7 and 11), grand theft (§ 487, subd. (a); counts 8 and 12), unlawful taking and driving of a vehicle (§ 10851, subd. (a); count 13), receiving a stolen vehicle (§ 496d; count 14), attempting to dissuade a witness from reporting a crime (§ 136.1, subd. (b)(1); count 15), dissuading a witness by force or threat (§ 136.1, subd. (c)(1) ; count 16), and attempting to prevent and dissuade a witness from testifying (§ 136.1, subd. (a)(2); count 17).  The information further alleged three prison priors (under former § 667.5, subd. (b)), one serious felony prior (§ 667, subd. (a)), and four strike priors (§§ 667, subd. (b)–(i), 1170.12).

Following a jury trial, Groce was convicted on counts 3 through 16,[2] and the court found true all alleged priors.  Counts 1, 2, and 17 were

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    On count 16, the jury convicted Groce of a lesser offense of attempting to dissuade a witness (§ 136.1, subd. (a)(2)).  (*People v. Groce* (Aug. 31, 2010 D055456) [nonpub. opn.] (*Groce*).)

dismissed prior to sentencing, along with his prior strike convictions as to counts 9 through 16. The court sentenced him to an aggregate term of 33 years to life, including eight years for his priors. In 2010, this court affirmed the judgment in nearly every respect, but vacated his convictions on counts 6 and 10. (*Groce*, *supra*, D055456.)

In 2022, the Department of Corrections and Rehabilitation notified the court that Groce was serving a prison term which included a potentially invalid prior prison term enhancement. Although he was assigned counsel, Groce elected to represent himself after the court heard and denied his *Marsden* motion.[3]

In advance of his resentencing hearing, Groce filed a brief requesting dismissal of two invalid section 667.5, subdivision (b) prison priors; dismissal of two section 667, subdivision (e)(2)(A) enhancements; and reduction of all eligible felony theft offenses to misdemeanors pursuant to section 17, subdivision (b). The People opposed Groce's request, reasoning there was "clear and convincing evidence that imposing a lesser sentence would endanger public safety." The court ultimately struck his section 667, subdivision (a) nickel prior and two invalid section 667.5, subdivision (b) prison priors, followed the original sentencing court's disposition by dismissing his strike priors as to counts 9 through 16 only, and reduced his restitution fines. His final sentence was 26 years to life, including a one year enhancement for the third remaining prison prior.[4]

---

3       *People v. Marsden* (1970) 2 Cal.3d 118.

4       During our review of the record, we discovered the abstract of judgment does not accurately state the sentence imposed because it does not include the remaining prison prior under section 667.5, subdivision (b). Although we affirm the court's orders, we will remand with directions to correct the abstract of judgment.

## DISCUSSION

Appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, asking this court to review the entire record.  In line with *Anders, supra*, 386 U.S. 738, counsel has identified two potentially arguable issues to assist with our review:

1.  Whether the court erred in denying Groce's *Marsden* motion; and
2.  Whether the court abused its discretion when it chose to dismiss only some of his strike priors.

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues.  We offered Groce the opportunity to file a supplemental brief on his own behalf.  He has not responded.  Competent counsel has represented him on this appeal.

## DISPOSITION

The judgment is affirmed.  The case is remanded to the trial court to correct the abstract of judgment to reflect the remaining (valid) section 667.5, subdivision (b) prison prior.  Once the abstract is amended, the court shall forward the amended abstract to the Department of Corrections and Rehabilitation.

DATO, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.

4